NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Robert MCCLEES,

        Plaintiff,

v.

URBAN FINANCIAL GROUP and NEW DAY FINANCIAL,

        Defendants.

Civ. No. 13-5977

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motions to Dismiss filed by Defendants New Day Financial, LLC ("New Day") and Urban Financial Group, Inc. ("Urban Financial") (collectively, "Defendants"). (Docket Nos. 8, 9). Robert McClees ("Plaintiff") filed an objection to Defendants' Motions to Dismiss after the opposition deadline. (Docket No. 13). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons given below, Defendants' Motions to Dismiss are granted.

## II. BACKGROUND

Plaintiff is a homeowner who lives in Trenton, New Jersey. (Docket No. 1, Ex. A). Urban Financial Senior Loan Officer, Yale Resnick ("Resnick"), encouraged Plaintiff to apply for a reverse mortgage loan. (*Id*.). During the loan approval process, the appraised value of Plaintiff's home declined from $160,000 to less than $40,000 and Resnick failed to submit a

1

"check to pay off the mortgage." (*Id*.). Plaintiff did not end up securing a reverse mortgage loan through Urban Financial and "the communication [with Urban Financial] totally stopped." (*Id*.).

Plaintiff was then referred to New Day where his application for a reverse mortgage was handled in a similar manner to the way it was handled by Urban Financial. (*Id*.). Specifically, Plaintiff's property was appraised, there was a change in the loan officer handling the application, and New Day ultimately stopped responding to Plaintiff's inquiries about his loan application. (*Id*.).

On September 6, 2013, Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Mercer County. (*Id*.). On October 8, 2013, Urban Financial filed a Notice of Removal and removed the matter to this Court. (*Id*.). Plaintiff claims that his failure to obtain a reverse mortgage loan is evidence of discrimination against him by Urban Financial and New Day in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Title 18, Section 241 of the United States Code ("18 U.S.C. § 241"), and the Declaration of Independence. (*Id*.).

## IV.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must allege those facts about the conduct of each defendant giving rise to liability. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To determine whether a complaint meets the pleading standard, the court must "outline the elements a plaintiff must plead to state a claim for relief," "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth," and look for "well-pled factual allegations" to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 679

(2009). In its review of a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002)).

The Court will consider Plaintiff's claims of discrimination under Title VII, 18 U.S.C. § 241, and the Declaration of Independence.

*Title VII of the Civil Rights Act of 1964*

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 63 (1986). There are a multitude of causes of action which a Plaintiff may bring under Title VII; however, a requirement of all Title VII causes of action is that the Plaintiff must allege a discriminatory employment practice by the Defendant. *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

Here, Plaintiff was not employed by either Defendant. Thus, Plaintiff's claim under Title VII is dismissed.

*18 U.S.C. § 241*

18 U.S.C. § 241 is a criminal statute; it does not provide a cause of action for civil liability. *Johnson v. Pacholski*, CIV A 07-633 NLH (D.N.J. June 14, 2007) ("[T]here is no private right of action under (sections 241 and 242) . . . proscribing deprivation of rights under color of law and conspiracy to commit such offenses."). Thus, Plaintiff's claim pursuant to 18 U.S.C. § 241 is dismissed.

*The Declaration of Independence*

Plaintiff attempts to assert a claim under the Declaration of Independence. However, the Declaration of Independence "does not grant rights that may be pursued through the judicial system." *Coffey v. U.S.*, 939 F.Supp. 185, 191 (E.D.N.Y. 1996). Thus, Plaintiff's claim under the Declaration of Independence is dismissed.

*Violation of Other Constitutional Rights*

Plaintiff's complaint also contains claims of general discrimination in violation of constitutional law. In the Complaint, Plaintiff does not state facts describing how Defendants acted in a discriminatory manner. Without facts describing how the Defendants acted in a discriminatory manner "on account of a constitutionally protected characteristic," Plaintiff's general claims that he was discriminated against are insufficient. *Iqbal*, 556 U.S. at 683. Thus, Plaintiff's other claims of discrimination are dismissed.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 12-10-13