NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert MCCLEES,<br><br>          Plaintiff,<br><br>v.<br><br>URBAN FINANCIAL GROUP and NEW DAY FINANCIAL,<br><br>          Defendants. | Civ. No. 13-5977<br><br>OPINION |

THOMPSON, U.S.D.J.

### I.  INTRODUCTION

This matter has come before the court upon the motion for reconsideration filed by plaintiff Robert McClees (hereinafter, "Plaintiff").  (Docket No. 19).  Defendants New Day Financial, LLC and Urban Financial Group, Inc. (hereinafter, collectively "Defendants") oppose this motion.  (Docket Nos. 20, 21).  The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons given below, Plaintiff's motion is denied.

### II.  BACKGROUND

Plaintiff is a homeowner who lives in Trenton, New Jersey.  (Docket No. 1, Ex. A).  He was encouraged by Urban Financial Senior Loan Officer, Yale Resnick ("Resnick"), to apply for a reverse mortgage loan.  (*Id*.).  During the loan approval process, the appraised value of Plaintiff's home declined from $160,000 to less than $40,000 and Resnick failed to submit a "check to pay off the mortgage."  (*Id*.).  Resnick ignored Plaintiff's pleas to consummate the

reverse mortgage loan transaction and Plaintiff sought the assistance of Resnick's supervisor. (*Id*.).

Resnick's supervisor attempted to persuade Plaintiff to continue to seek a reverse mortgage loan through Urban Financial. (*Id*.). However, Plaintiff did not secure a reverse mortgage loan through Urban Financial and "the communication [with Urban Financial] totally stopped." (*Id*.).

Eventually, Plaintiff was referred to Defendant New Day. (*Id*.). New Day appraised Plaintiff's property, changed the loan officer handling the application, and ultimately stopped responding to Plaintiff's inquiries about his loan application. (*Id*.).

On September 6, 2013, Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Mercer County. (*Id*.). On October 8, 2013, Urban Financial filed a Notice of Removal and removed this matter to this Court. (*Id*.). Plaintiff claims that his failure to obtain a reverse mortgage loan is evidence of discrimination against him by Urban Financial and New Day in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Title 18, Section 241 of the United States Code ("18 U.S.C. § 241"), and the Declaration of Independence. (*Id*.). Defendants filed motions to dismiss on October 29, 2013. (Docket Nos. 8, 9). On December 10, 2013, the Court granted Defendants' motions to dismiss. (Docket No. 15).

On January 15, 2014, Plaintiff filed the motion to reconsider presently before the Court. (Docket No. 19).

III. <u>ANALYSIS</u>

There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision. *United States v. Compaction Systems Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999). Local Civil Rule 7.1(i), permits a motion for reconsideration to be served and

filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  L. Civ. R. 7.1(i).  The Local Rule further states that a brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the notice of motion.  *Id*.  The Order dismissing Plaintiff's complaint was entered on December 11, 2013.  The time to file such a motion for reconsideration expired prior to January 15, 2014.  Thus, Plaintiff's motion to reconsider pursuant to Local Civil Rule 7.1 is not timely.

A different rule, Fed. R. Civ. P. 59(e), provides an avenue for reconsideration if there is an intervening change in controlling law, new evidence to be considered that was not previously available, or a need to correct a clear error of law or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir.1995).  Reconsideration pursuant to Fed. R. Civ. P. 59(e) is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 215 F.Supp.2d 482, 507 (D.N.J.2002).  A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment or order.  Plaintiff's motion (filed on January 15, 2014) was also not filed within 28 days of December 11, 2013.  Under no reading of the rules, therefore, can Plaintiff's current application be considered timely.

Thus, Plaintiff's motion is denied as it is untimely.  *See Mitchell v. Township of Willingboro*, 913 F.Supp.2d 62, 78 (D.N.J. 2013) (motions to reconsider that are untimely can be denied on that ground alone).  Moreover, Fed. R. Civ. P. Rule 6(b) provides that the time limit of Rule 59(e) may not be judicially extended.  *Adams v. Trustees, New Jersey Brewery Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994).

Notwithstanding the timeliness issue, Plaintiff's motion for reconsideration lacks merit. Plaintiff does not point to any intervening change in the law or new evidence that was not available when the court rendered its decision. Further, Plaintiff does not argue that the court overlooked important facts or controlling decisions.

V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. An appropriate order will follow.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Date: 2/18/14